## Commonwealth v. Conard

*Peter F. Cianci*, Assistant District Attorney, and *Frederick O. Brubaker*, District Attorney, for Commonwealth.

*Verle G. Conard*, p. p.

HESS, P. J., September 20, 1961.—Defendant, Verle G. Conard, has been convicted by a jury on a charge of breaking and escaping from prison. He admits that he did escape from prison, but contends that he did not break prison but escaped by using keys which had been furnished to him by a guard. The sole reason assigned in support of defendant's motions for a new trial and in arrest of judgment is that the evidence is insufficient to establish that he did in fact break prison.

The jury was warranted in finding under the evidence that only defendant and one other prisoner were confined in the area, security block "C," from which the escape was made by both defendant and the other prisoner on July 22, 1959; that on the morning of that day, when an inspection was made at the time the guards changed, the doors and locks were in proper condition; at 2:45 P.M. on that day, defendant was in the cell block; at 3:45 P.M., when the next check was made, defendant and the other prisoner were missing; at that time the wire grill door leading to the fire tower corridor was closed but unlocked, and the wooden door leading to the outside lawn was ajar, molding torn off, the tumbler pulled out, and the screw which held the tumbler in place was lying on the floor. Some months later, defendant was apprehended in York, Pennsylvania, and when the warden went there to interview the prisoner, defendant told the warden that he had broken the locks with the aid of a spoon.

Defendant testified in his own behalf, denied the conversation to which the warden testified, and stated that he had escaped from prison by using keys furnished to him by a guard. The guard in question was called by the Commonwealth in rebuttal and denied that he had furnished any keys to defendant.

We have reviewed the record and conclude that the only issue that is raised is the question of credibility. The jury chose to believe the testimony of the Com-

monwealth and to discredit that of defendant. The writer of this opinion also served as trial judge, and he is completely satisfied that the issue of credibility was properly determined by the jury. ". . . It is not within the province of this Court to pass on the credibility of the witnesses; we accept as true all of the Commonwealth's evidence upon which, if believed, the jury could have properly based its verdict." Commonwealth v. Logan, 361 Pa. 186, 191-92. See also Commonwealth v. Schuck, 401 Pa. 222. No complaint is made of the charge and of the various rulings by the trial judge. In our opinion, defendant received a fair trial, the question of guilt has been properly resolved by the jury, and the verdict must be upheld.

And now, September 20, 1961, defendant's motions and rules for a new trial and in arrest of judgment are discharged.